618 P.2d 599

**In the Matter of a Member of the State Bar of Arizona William Michael EGAN, Respondent.**

**No. SB–18–3.**
**State Bar Nos. 78–2–1 and 78–7–1.**

Supreme Court of Arizona,
In Banc.

Sept. 22, 1980.

Rehearing Denied Oct. 28, 1980.

W. Michael Kelley, Flagstaff, for the State Bar of Arizona.

William Michael Egan, Flagstaff, in pro. per.

STRUCKMEYER, Chief Justice.

This is an original proceeding for disciplinary action against respondent William M. Egan, a member of the State Bar of Arizona. Respondent filed an objection in this Court to the recommendation of the Disciplinary Board of the State Bar of Arizona, which had recommended a suspension for the period of one year. However, he did not, in compliance with the rules, file a brief in this Court of his objections. We therefore accept the findings of the Local Administrative Committee for District No. 1 as conclusive and direct that respondent be suspended from the practice of law for the period of one year.

The Local Administrative Committee for District No. 1 of the State Bar of Arizona found in Cause 78–2–1, Count One of the formal complaint against respondent, that on January 6, 1977, a suit arising out of an automobile accident was filed in the Coconino County, Arizona, Superior Court by Frank Yellowhair against Marvin M. Veale and Jean Veale, his wife. The case was designated as No. 30661 of the records and files of Coconino County Superior Court. The complaint was referred to respondent for the filing of an answer and to assume the defense on behalf of the Veales, who were insured under a policy with Gore Mutual Insurance Company. Respondent thereafter filed an answer, but did not correspond further with the insurance company until October 28, 1977, at which time he sent it certain medical reports.

In June of 1977, a pretrial statement was prepared by respondent and Jerry N. Thomas, attorney for the plaintiff, and trial was set for November 17, 1977. On October 19, 1977, Thomas noticed the taking of the depositions of Mr. and Mrs. Veale for November 7, 1977. However, on that date neither the Veales nor respondent appeared. On November 11, 1977, a settlement was entered into in which respondent agreed with Thomas to a payment by the Gore Mutual Insurance Company to Yellowhair of the sum of $15,000.00 as and for damages. Respondent never contacted the Gore Mutual Insurance Company concerning the settlement offer and the agreement to settle the case was made without respondent having received or requested any authority from

Gore Mutual Insurance Company to enter into a settlement.

Subsequently respondent made various representations over a period of several months to Thomas that a settlement check would be forthcoming shortly, but no check was ever received by Thomas from respondent. Finally, on February 3, 1978, Thomas filed a motion for sanctions in which he asked that the Veales' answer be stricken and that default judgment be entered. The motion was made principally upon the grounds of the failure of defendants to appear for their depositions and the failure to complete the asserted settlement. Respondent did not file a response to the plaintiff's motion for sanctions and did not appear at the hearing. The court granted the motion for sanctions and struck the defendants' answer. Thomas thereafter applied for a default judgment and, although notice of his application was given to respondent, respondent did not appear and oppose the application. Default judgment was entered on March 1, 1978 in favor of Yellowhair and against the Veales for the sum of $75,000.00, plus costs. During this latter period, respondent never communicated with the Gore Mutual Insurance Company as to the status of the lawsuit, nor did he try to obtain settlement authority from it.

Thereafter Thomas wrote to Gore Mutual Insurance Company and requested payment of the judgment. The insurance company through its agent, General Adjustment Bureau of Flagstaff, contacted Mr. Daniel J. Stoops, an attorney–at–law, to investigate the status of the lawsuit. Stoops conferred with respondent, who acknowledged that he had not told the Veales that they were to appear for their depositions and that he had not notified the insurance company of that fact.

Respondent indicated that his failure to take action in the foregoing enumerated respects was due to his own negligence and personal problems which he was experiencing during that time. The explanation offered by respondent was that he was drinking heavily and was having marital prob-

lems. Respondent joined Alcoholics Anonymous in April of 1978 and, while he reduced his intake of alcohol, he did not stop drinking.

The Committee found that respondent: "has engaged in unprofessional and unethical conduct in violation of the Code of Professional Responsibility, specifically Disciplinary Rule 1–102(A)(4), (5) and (6) * * * "

The Committee found in Cause 78–7–1, Count Two of the formal complaint, that respondent was retained in April of 1977 to incorporate a business which later became known as Northern Arizona Trust Company, Inc., and for the purpose of completing incorporation was paid a fee of $500.00. The articles, however, were not prepared until October 1977, and they were not sent to the Corporation Commission for filing until just before November 8, 1977. Also, the affidavit of publication of the articles of incorporation was not sent to the Corporation Commission for filing until March 17, 1978. The Committee further found that respondent did not prepare the corporation's bylaws, did not issue the corporation's stock or obtain a corporate book and seal, and did not attend to the corporation's organizational meeting and related matters.

The Committee concluded that respondent engaged in unprofessional and unethical conduct in violation of the Code of Professional Responsibility specifically Disciplinary Rule 6–101(A)(3) and Disciplinary Rule 7–101(A)(2) and (3).

Because of the violations of the Code of Professional Responsibility by respondent with respect to dockets 78–2–1 and 78–7–1, and in the light of the previous disciplinary sanctions imposed on him on three previous occasions by the Arizona Supreme Court, the Committee recommended that respondent be suspended from the practice of law for the period of one year.

Accordingly, it is ordered that respondent be suspended from the practice of law for a period of one year commencing fifteen days from the date of the mandate in this matter. It is also ordered that he comply with

the provisions of A.R.S. 17A, Rule 37(h), Rules of the Supreme Court, promptly notifying his clients of his suspension. Pursuant to Rule 37(g) of the Rules of the Supreme Court, respondent is assessed costs in the amount of $687.23.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.